# Exhibit 24

**ST PAUL TRAVELERS**

St. Paul Travelers
Technology/Intellectual Property Claim
167 Cherry Street #424
Milford, CT 06460
203-877-0129 TEL
651-310-3344 FAX
www.stpaultravelers.com

May 6, 2005

**VIA FACSIMILE AND U.S. MAIL**

R. Corey Hill
The Cavanagh Law Firm
Viad Corporate Center
1850 North Central Ave.
Suite 2400
Phoenix, AZ 85004

**Re: Insured:**       **Consumer Innovations, LLC**
   **Claimant:**      **Webloyalty.com, Inc.**
   **Tracking No:**  **SI11422**
   **Policy:**            **BK01443023**

*United States District Court, District of Delaware*
*Webloyalty.com, Inc. v. Consumer Innovations, LLC*

Dear Mr. Hill:

    Please allow this letter to serve as a supplement to our letters to Consumer Innovations, LLC ("CI") dated February 12, 2004, March 10, 2005, April 6, 2005 and May 6, 2005, which are incorporated herein by reference. Nothing contained in each letter or herein should be construed as a waiver of the rights of United States Fidelity & Guaranty Company ("USF&G") under any provisions of the policy or law, or of any other defense that USF&G may have. Further, USF&G has and continues to expressly reserve all of its rights to limit or deny coverage for the above-captioned claim.

**I.**    **The "Criminal Acts" Exclusion May Preclude CI's Advertising Injury Coverage**

    To the extent, if any, there may be coverage for the claims brought by Webloyalty.com, Inc. ("Webloyalty") under the Advertising Injury portion of the above captioned Policy ("Policy"), the following exclusion from coverage may be applicable under Section I A.2 (r)(3) of the Policy.

    2.     Exclusions Applicable to the Liability Coverage

    This insurance does not apply to:

    r.     "Personal Injury" or "Advertising Injury":

1

     (3)  Arising out of a criminal act committed by or with
the          consent of the insured.

*Webloyalty has recently submitted proposed Findings of Fact and Conclusions of Law, asserting that CI is guilty of "knowing and willful" copyright infringement and seeking damages resulting from that "willful" infringement. "Willful" copyright infringement is a criminal offense under the Copyright Act at Section 17 U.S.C. §506 which may be subject to criminal sanctions including fines and/or up to five years imprisonment. See 18 U.S.C. § 2319. Pursuant to the "criminal acts" exclusion, any claims for such "willful" infringement, or damages resulting therefrom, are not covered under the Policy.*

## II. CI's Breach of the Cooperation Clause May Preclude CI's Advertising Injury Coverage

In our letter of March 10, 2005, we recently reminded CI of its obligations under the Policy Conditions. These include the Policy Conditions found in the Liability Coverage Part (form CL/PF 20 10 09 99) which read, in pertinent part, as follows:

   2.  Duties In The Event Of Occurrence, Offense, Claim or "Suit"

       \* \* \*

   c.  You and any other involved insured must:

       \* \* \*

     (3)  Cooperate with us in the investigation, settlement or defense of the claim or "suit;"

Webloyalty's recently filed Proposed Findings of Facts and Conclusions of Law request that the Court make a finding that CI "willfully" infringed Webloyalty's copyrights and, therefore, request that the Court impose enhanced statutory damages and attorneys' fees and costs under the Copyright Act, and treble damages and attorneys' fees and costs under the Lanham Act.

In support of its claims, Webloyalty asserts that: (1) CI maintained from the outset of the suit that it did not "copy" Webloyalty's Sell Page; (2) CI falsely testified at deposition that it did not "copy" the Sell Page; (3) CI did not produce the first draft of the Sell Page which included Webloyalty's phone number; (4) the first draft of the Sell Page was produced in response to a subpoena served by Webloyalty upon a third party; (5) when CI was confronted with the draft Sell Page during trial it continued to falsely maintain that it did not "copy" the Sell Page; (6) CI filed a Motion to Dismiss which included a false and misleading affidavit; and (7) CI refused to stipulate to a bench trial until the eleventh hour.

*Based on the foregoing, to the extent that Webloyalty's Proposed Findings of Fact and Conclusions of Law are accurate and/or are adopted by the Court, CI may have*

2

*breached the Policy Conditions in failing to cooperate with USF&G in the investigation, settlement, or defense of the claim or "suit". Such breach may preclude coverage under the Policy.*

Nothing in this letter should be construed as a waiver of USF&G's rights under any of the provisions of the policy or the law, or any other defense that USF&G may have. USF&G expressly reserves all of its rights to limit or deny coverage for this matter on the basis of any additional grounds.

Please note that the USF&G's present coverage determination is based on the information that has been made available to date. If you have any other information that you believe may affect our coverage analysis or if you have questions about the substance of this letter, please free to contact me.

Very truly yours,

UNITED STATES FIDELITY
& GUARANTY COMPANY

By:     Daria G. Fitzgerald


cc:     Bill Johnson, Consumer Innovations, LLC

3