# Exhibit 13

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEBLOYALTY.COM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-90-KAJ |
| ) | |
| CONSUMER INNOVATIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

This Memorandum Order is intended to address two issues raised by the parties during the pre-trial conference. First, I reserved ruling on plaintiff Webloyalty.com, Inc.'s ("Webloyalty") third motion in limine seeking to "Exclude Argument or Testimony that the Language Copied by [Consumer Innovations] is not Legally Protectable Because There is a Limited, if not Singular, Manner to Express The Ideas Presented by Such Language." (Docket Item ["D.I."] 107.) Consumer Innovations ("CI") raised the concern that if I were to grant Webloyalty's third motion in limine, "it could exclude testimony that does not go to the Scenes a Faire or merger doctrines but which does go to ... the validity of the copyright." (D.I. 111 at 19:9-12, Transcript of Pre-Trial Conference, Feb. 1, 2005.)

Webloyalty argues that I previously addressed this issue when I denied defendant Consumer Innovations' ("CI") Motion for Summary Judgment (D.I. 91) and specifically CI's argument that certain language used in Webloyalty's Sell Page was not protectable under the doctrines of merger or scenes-a-faire. (Id. at Part VIII.A.3.a. (quoting D.I. 101 at 8, Memorandum Order, Jan. 13, 2005.)) CI, however, argues that I

denied their Motion for Summary Judgment (D.I. 91) because I found that "a genuine issue of material fact exists," and thus CI argues that this issue remains within the purview of the trier of fact. (*Id.* at Part VIII.A.3.b.)

CI raised two issues in its Motion for Summary Judgment directed to Webloyalty's copyright infringement action:

> First, it argues that the language common to both Consumer Innovations' and Webloyalty's sell pages is not protectible under the Copyright Act of 1976 because the language is merely functional or standard in the industry and therefore, was not originally created by Webloyalty. ... Second, it argues that the common language was made up of common expressions which may be lawfully appropriated under the merger and scenes-a-faire doctrines.

(D.I. 101 at 8, Memorandum Order, Jan. 13, 2005.) The second argument is the one presently at issue in Webloyalty's motion in limine. My conclusions on this issue were as follows:

> For either doctrine to apply, Consumer Innovations must establish that there is a limited, if not singular, manner to express the ideas presented on the sell page. It has not made any such showing. The evidence by Consumer Innovations, if anything, proves the opposite. Consumer Innovations provides two examples of sell pages that offer a $10 incentive for joining a membership club and inform the reader how to join. ... *These sell pages clearly show that there are other ways in which those ideas can be expressed.* Neither of these sell pages uses the same text or arrangement as Webloyalty's copyrighted page. While, the 'external factors' described by Consumer Innovations may provide the central ideas, *there apparently are a number of ways to express them.* Therefore, Consumer Innovations has not established that either doctrine supports their argument for summary judgment on this record.

(*Id.* at 12 (emphasis added).)

The above quoted language notes that I have already determined there are more than a limited number of ways to express the idea of getting "a $10 incentive for joining a membership club and inform[ing] the reader how to join." (*Id.*) Thus, neither the

2

merger doctrine nor the scenes-a-faire doctrine apply to the copyrighted language in this case. I will therefore grant Webloyalty's limine motion seeking to exclude argument or testimony as to those legal issues.

The second issue raised during the pre-trial conference was by CI, and was directed to "validity ... the issue ... just raised of whether or not the elements of the copyright are entitled to copyright protections are a matter of law to be decided by the Court or a matter of fact to be given to the jury to decide." (*Id.* at 20:17-22.) Because there was no indication in the pre-trial order that this was an unresolved issue, and therefore, Webloyalty's counsel was not prepared to respond, I asked for supplemental submissions from both parties directly on this point. Specifically, I sought the parties' positions on whether the protectability of Webloyalty's copyrighted text was a matter of law or a question of fact or some mixture of legal and factual questions. CI's supplemental pre-trial submission, however, did not address this point at all. In fact, CI submitted a letter (D.I. 118) in which it admitted, "that line of argument was not pursued in the briefing and Counsel believed some explanation was due to the Court for the omission." (D.I. 118, letter from defendant's counsel, dated Feb. 11, 2005.) CI's supplemental submission was directed entirely to the issue of the validity of Webloyalty's copyright registration based on an alleged misrepresentation to the Copyright Office regarding whether Webloyalty's sell page was based on any preexisting works, an issue never before presented as an affirmative defense in CI's Answer (D.I. 88) or as an issue to be decided in the Pre-Trial Order (D.I. 107). (*See* D.I. 113, 117.) Permitting CI to raise this affirmative defense just a few days before trial would be unfairly prejudicial to Webloyalty. Therefore, because this issue was not

3

presented in a timely fashion, I find that CI has waived this affirmative defense. As to the question I asked but did not get answered, it appears that, although a finding of copyright infringement may involve questions of fact, the protectibility of copyrighted material such as Webloyalty's sell page is an issue of law which I will have to determine at a later time. *Coston v. Product Movers*, CIV. A. No. 89-4865, 1990 WL 56516, at *3 (E.D. Pa. May 2, 1990) (citing *Stillman v. Leo Burnett Co., Inc.*, 720 F. Supp. 1353, 1360-61 (N.D. Ill. 1989)).

Accordingly, IT IS HEREBY ORDERED that Webloyalty's third in limine motion is GRANTED and that CI will not be permitted to argue that Webloyalty's copyright registration is invalid based on an alleged misrepresentation to the Copyright Office regarding whether Webloyalty's sell page was based on any preexisting works.

February 17, 2005
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE